# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA BRIONES | § § § | |
| v. | § | CASE NO. 3:17-CV-1301-S |
| | § § § | |
| BRAUM'S, INC. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Braum's, Inc.'s ("Braum's") Motion for Summary Judgment [9], Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment [20], and First Amended Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment [24]. The Court grants Braum's Motion for Summary Judgment and grants Braum's First Amended Motion to Strike. The Court denies as moot Braum's Motion to Strike.

### I. THE PREMISES LIABILITY DISPUTE

This dispute arises out of a slip-and-fall incident. On or about March 5, 2017, Briones went to a Braum's store located in Mesquite, Texas. After ordering at the counter, she turned to fill up her soda cup. On her way to the soda machine, she slipped on a wet spot on the floor, fell, and injured herself. The floor became wet after Briones entered the store but before she fell. Before Briones fell, a Braum's employee placed a yellow "Wet Floor" sign near the location of the liquid substance. Braum's surveillance video system captured the incident.

On April 20, 2017, Briones filed this lawsuit in the 191st District Court in Dallas County, Texas, alleging negligence and negligence per se. Braum's removed the lawsuit to this Court on May 16, 2017. Braum's has moved for summary judgment. It has also moved to strike Briones's response to its motion, as it was filed well after the 21-day deadline for responses.

1

## II. THE COURT GRANTS THE MOTION TO STRIKE

A response to a summary judgment motion must be filed within 21 days of the motion itself being filed. *See* N.D. Tex. Local Rule 7.1(e). A court may, for good cause, extend the deadline if the party failed to act because of excusable neglect. *See* FED. R. CIV. P. 6(b)(1). Braum's filed its Motion for Summary Judgment on January 26, 2018. Briones did not file her response until April 5, 2018 – more than two months later.[1] Briones did not seek leave of court to file her response late. Because Briones missed the deadline for filing her response and failed to show good cause for such failure or that such failure was the result of excusable neglect, the Court grants Braum's First Amended Motion to Strike Plaintiff's Response.

## III. THE COURT GRANTS SUMMARY JUDGMENT

### A. *Summary Judgment Standard*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, she "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [her] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either

---

[1] Notably, April 5, 2018 was the date on which the Court scheduled this case for a status conference. Counsel for Briones failed to attend this conference and did not advise the Court that he would not attend.

by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B. The Court Grants Summary Judgment on Briones's Negligent Activity and Negligence Per Se Claims

In her Complaint, Briones asserts negligence as a cause of action but does not address whether she is pursuing a claim for negligent activity, premises liability, or both. To the extent Briones is pursuing a claim for negligent activity, the Court grants summary judgment on that claim. To recover on a negligent activity claim, a plaintiff must show that she was injured "by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). The *Keetch* plaintiff was injured when she slipped on a chemical the employer had been spraying on its plants. She was injured after the employer stopped spraying the chemical, and the Texas Supreme Court found that she was injured by "a condition created by the spraying," not "the activity of spraying." *Keetch*, 845 S.W.2d at 264. Here, as in *Keetch*, Briones slipped and fell on a wet spot after the

3

incident that caused the wet spot had already taken place. She was injured by the condition, not the activity, and thus cannot state a claim for negligent activity. The Court grants summary judgment on Briones's negligent activity claim.

In her Complaint, Briones also asserts a claim for negligence per se. However, she fails to identify a specific statute or regulation that Braum's allegedly violated. *See Reeder v. Daniel*, 61 S.W.3d 359, 361-62. (Tex. 2001) ("Negligence per se is a common-law doctrine that allows courts to rely on a penal statute to define a reasonably prudent person's standard of care."). Because Briones has not pointed the Court to a specific statute that supports her claim, the Court grants summary judgment on her negligence per se claim.

### C. *The Court Grants Summary Judgment on Briones's Premises Liability Claim*

An invitee asserting a premises liability claim must prove that: (1) a condition on the premises posed an unreasonable risk of harm; (2) the owner knew or reasonably should have known of the danger; (3) the defendant breached its duty of ordinary care by (a) failing to adequately warn the plaintiff of the condition or (b) failing to make the condition reasonably safe; and (4) the defendant's breach proximately caused the plaintiff's injury. *See Fort Brown Villas III Condominium Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009); *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). The parties only dispute whether Braum's breached its duty of ordinary care by failing to adequately warn Briones of the wet floor. In exercising ordinary care, a landowner has "a duty to warn or make safe, but not both." *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996). "If the evidence conclusively establishe[s] that the owner adequately warned the plaintiff of the condition, the owner cannot be found negligent as a matter of law." *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.) (citing *Williams*, 940 S.W.2d at 584). A warning is adequate if it

4

warns of the particular condition that invitees face and is clearly visible. *Henkel v. Norman*, 441 S.W.3d 249, 252 (Tex. 2014); *Judd v. Braum's, Inc.*, Civ. A. No. 3:14-CV-2516, 2015 WL 11019133, at *2 (N.D. Tex. July 15, 2015).

Braum's argues that it did not breach its duty because the sign indicated that the floor was wet and because the sign was clearly visible. Further, Braum's argues, Briones slipped and fell right next to the sign. Briones counters that she did not see the sign and that no Braum's employee informed her that a wet floor sign was being placed behind her.

Braum's received a favorable summary judgment determination in a case very similar to this one, *Judd v. Braum's, Inc.* In that case, the plaintiff slipped and fell on the freshly mopped floor. When she slipped, there were two yellow "wet floor" signs on the floor – one near the entrance and one in the middle of the walkway. 2015 WL 11019133, at *2. The plaintiff walked past one of those signs before she fell, but she alleged that she did not see either of the signs. *Id.* The *Judd* court found in Braum's favor because "[t]he signs stated the floor was wet and were placed in a manner that made them clearly visible to passersby." *Id.*

The same analysis applies here. There is no dispute that the sign stated that the floor was wet. Thus, the warning identified the specific condition. Further, the sign was clearly visible. Although Briones claims that did not see it, the surveillance video shows her slipping and falling near the warning sign. At her deposition, she testified that the sign was in front of her to her left and that nothing blocked or obscured her view of the sign. *See* Def.'s App. 19-21. Thus, the undisputed evidence shows that the sign, like the signs at issue in *Judd*, were "clearly visible to passersby." 2015 WL 11019133, at *2. Briones "has identified no defect in the sign or its warning to challenge its adequacy." *Id.*

5

Accordingly, the Court determines that there is no material issue of fact regarding the adequacy of the warning and grants summary judgment in favor of Braum's on the premises liability claim.

## IV. CONCLUSION

For the reasons stated above, the Court grants summary judgment to Braum's on all of Briones's claims. The Court grants Braum's First Amended Motion to Strike Plaintiff's Response and denies as moot Braum's Motion to Strike Plaintiff's Response.

**SO ORDERED.**

SIGNED May 11, 2018.

*/s/ Karen Gren Scholer*
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**